UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>HIBEL REALTY, LLC,<br><br>　　　　　　　　　Debtor. | Case No. 08-42902<br><br>Chapter 11 |

### MOTION FOR EMERGENCY DETERMINATION OF EMERGENCY MOTION OF LBM FINANCIAL LLC FOR RELIEF FROM THE AUTOMATIC STAY OR DISMISSAL OF THE CASE

LBM Financial LLC ("LBM") hereby moves this Court pursuant to MLBR 9013-1(h) for emergency determination of the *Emergency Motion of LBM Financial, LLC for Relief from the Automatic Stay or Dismissal of the Case* (the "Emergency Motion"), on the grounds that Hibel Realty, LLC (the "Debtor") has filed the above case in bad faith, in an attempt to delay a foreclosure proceeding with respect to property located at 337-345 Main Street, Hyannis, Massachusetts (the "Property"). LBM has a foreclosure sale scheduled for today at 11:00 a.m. Moments ago, the Debtor informed the auctioneer that the above-referenced case had been filed for the Debtor, which is the second case that has been filed for this Debtor. The previous case, numbered as 08-13697 (WCH), was dismissed on August 20, 2008 (the "First Case") after LBM filed a motion seeking dismissal or, alternatively, relief from stay. In the above-referenced filing, the Debtor (1) listed a different address from the previous bankruptcy filing, and (2) has improperly filed the case by failing to comply with MLBR 1007-1(e)(2)(3), because the Debtor is a limited liability company and is not represented by counsel and the person signing the petition does not have the authority to do so. As further grounds for the relief requested herein, LBM asserts as follows:

1. This is the second filing relating to the Property. The First Case was filed by the Debtor on May 21, 2008 and dismissed on August 21, 2008 after LBM filed a motion seeking dismissal or, alternatively, for relief from stay.

2. On September 10, 2008, before the rescheduled foreclosure sale permitted by the bankruptcy court, the Debtor (purportedly through an unauthorized manager) filed this second bankruptcy petition. Among other problems, this filing was made in violation of the local rule requiring a corporation to have counsel.

3. Pursuant to 11 U.S.C. §§ 707(a), 362(b)(20) and (d)(4), and because the petition in the above-referenced case was filed as part of a scheme to delay, hinder and defraud creditors by filing multiple bankruptcy petitions affecting the Property, it is clear that the case should be dismissed and/or that LBM should be granted relief from the automatic stay.

WHEREFORE, LBM requests that this Court enter an order (a) considering the relief requested in the Emergency Motion on an emergency basis, (b) granting the relief requested in the Emergency Motion, and (c) granting such other and further relief as is just and proper.

LBM FINANCIAL LLC

By its attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: September 10, 2008

/s/ *Jeffrey D. Ganz*
Jeffrey D. Ganz (BBO #564375)
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

1105278.2

2